## C. S. HAYS VS. TEXAS & PACIFIC R'Y COMPANY.

IN SUPREME COURT, TYLER TERM, 1884.

*Action—Trespass to Try Title.*—An action of trespass to try title is intended to serve all the purposes of an action of ejectment as known to the common law of England and other states.

*Same—Easement.*—A party in possession of another's land, claiming an easement.

is a trespasser, if his claim is without foundation, and the action of trespass to try title will lie.

*Same—Right of Way—Railroad Company*—The fact that such trespasser is a railroad company, and the easement claimed, a right of way, does not alter this rule.

*Limitation.*—Possession of a right of way over land for ten years gives no title in the land itself to a railroad company.

Appeal from Wood county.

This cause was submitted to the judge below upon the law and the facts, and he has placed upon record his reasons for the judgment rendered by him. The court found that because the appellee claimed only a right of way over the land in controversy, at the time it was purchased by Hays, as also at the time the suit was commenced, the action of trespass to try title could not be maintained. The reasons which lead the court to this conclusion seem to be, that a mere claim to the right of way over the land did not interfere with the title of Hays or his vendor, and was not such an act of ownership as would authorize this kind of suit.

The court was further of opinion that the title of the property not being in the company when Hays purchased, and he having full knowledge of this fact, his vendor's right to sue did not pass to him by the purchase.

The appellee has not appeared in this court to sustain these rulings, and we know of no good grounds upon which they can be rested.

An action of trespass to try title is intended to serve all the purposes of an action of ejectment as known to the common law of England and other states. Whenever ejectment will lie at common law, trespass to try title may be used under our statutes. It is in its nature a suit to recover passession of land unlawfully withheld from the owner, and to which he has the right to immediate possession. It is not important, so far as his right to the action is concerned, whether the defendant is upon his property under a claim of title, or as a naked trespasser. It is enough that he is there without right or authority. If the defendant is not in possession, then he must set up a claim to the land in order to justify the proceeding, but if in possession, how he came there becomes unimportant, if the occupancy is illegal. This is the rule in actions of ejectment, and is

to be inferred from the very language of our own statutes regulating the action of trespass to try title. (Rev. St., Art. 4790; Sykes vs. Hays, 5 Bissell, 529 ; Gibbons vs. Martin, 4 Sawyer. 206 ; Greer vs. Mayes, 24 Howard, 277.)

A party in possession of another's land claiming an easement, is a trespasser if his claim is without foundation. If, in a suit by the owner of the soil, the plaintiff shows title to the land, and the defendant to the easement, the plaintiff recovers subject to the right of the defendant to enjoy the easement. If the defendant shows no title of this character, the owner of the land dispossesses him altogether.

These principles are well settled, as will be seen by reference to the authorities, a few of which we cite. (Armstrong vs. Lewis, 69 Mo. 309; Graham vs. R. R. Co., 27 Ind. 260; Strong vs. Brooklyn, 68 N, X. I; and cases hereafter referred to.)

Nor does the fact that the trespasser is a railroad company, and that our statute provides a summary method by which lands may be condemned to its use, and damages assessed to the owner, interfere with the latters right to prosecute an action of trespass to try title, when the company has taken possession of his land without a resort to this method of condemnation.

While it is held, perhaps by the weight of authority, that this summary remedy is exclusive of all others where damages alone are sought by the owner, yet if he seeks to regain possession and oust the intruding company from his property, he may resort to any character of action he might use for that purpose against any other trespasser.

In our state where the right to use the summary method is given to the railroad companies alone, the owner of the land cannot force a resort to this remedy, and hence he may sue for the recovery of the land itself, or damages in any action appropriate to these purposes.

These principles are abundantly supported by the decisions of other states as well as our own, among which are the following:

R. R. Co. vs. Ferris, 56 Texas, 588; R. R. Co. vs. Pfeuffer, 57 Tex. 56; R. R. Co. vs. Benitos, 59 Texas, 326; Gilman vs. R. R. Co., 40 Wisc., 660; Smith vs. R. R. Co. 67 Ill. 196; Sherman vs. R. R. Co., 40 Wisc., 652; 2 Wisc. 153; 21 Idem, 602; 23 Idem, 99; Pierce on Am. railroad law, p. 230; 21 Conn. 294; 22 Idem 74; 4 Wend. 667.

The fact that the company were using their railroad over the land at the time plaintiff purchased cannot affect his right to the possession of the land and to sue for it in this action. If chargeable with full knowledge of the claim under which the company were in possession, he knew that it was without foundation, and that the company could be ejected from the premises at the option of the owner.

No such limitation was pleaded as would entitle the railroad company to hold the right of way against the owner of the soil. No such acquiescence as would have barred the appellant's vendor was relied on or proved. In buying the land, Hays purchased with it the right of the vendor to institute a suit like the present to oust the railroad company from its occupancy of the land commenced and continued without a shadow of right, and we see no reason why he should not exercise that right when that occupancy is continued after he has made the purchase.

The court below correctly held that possession of a right of way over the land for ten years gave no title in the land itself to the railroad company. (Cooper vs. Smith, 9 Seargeant and Rawle 33.)

The judgment below must be reversed, and this court proceeding to render such judgment as should have been rendered there, adjudges and orders that the appellant recover of the appellee the land described in his petition and all costs of this court and of the court below, and have his writ of possession.

Willie, C. J.